UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Michael Samuel Hudson Jr,

            Petitioner,

   v.

Jeffrey A. Uttecht

            Respondent.

CASE NO. 3:19-cv-05422-RJB-JRC

REPORT AND RECOMMENDATION

NOTED FOR:  September 20, 2019

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

Petitioner Michael Samuel Hudson Jr. filed his federal habeas petition on May 13, 2019 pursuant to 28 U.S.C. § 2254, seeking relief from his state court convictions and sentence. *See* Dkt. 1. The Court concludes that petitioner failed to properly exhaust his state court remedies as to all grounds raised in the petition; however, a state remedy remains available to petitioner. Therefore, the Court recommends that the petition be dismissed without prejudice. The Court

1  also recommends denying petitioner's motion to request that the Court rule on the petition (Dkt.
2  9) and motion to compel and response to state court record (Dkt. 17) as moot without prejudice.

3  **BACKGROUND**

4  Petitioner is in custody under a state court judgment and sentence imposed for his
5  conviction by guilty plea for several counts of rape in the first degree, several counts of sexual
6  exploitation of a minor, and one count of dealing with depictions of a minor engaged in sexually
7  explicit conduct. Dkt. 13, Exhibit 1. Petitioner was sentenced on March 18, 2019. *Id.* Although
8  in the petition, petitioner states he did not file a direct appeal, *see* Dkt. 8, the state court record
9  filed by respondent reflects that petitioner's direct appeal is still pending in the Washington
10 Court of Appeals under Cause No. 53280-8-II. *See* Dkt. 8; Dkt. 13, Exhibit 2. Petitioner filed this
11 petition on May 13, 2019. Dkts. 1, 8.

12 Petitioner raises four grounds for relief all based on his claim he is unlawfully detained,
13 and the State of Washington does not have jurisdictional authority to decide federal matters. Dkt.
14 8. On July 22, 2019, respondent filed an answer, wherein he asserts that petitioner has not
15 properly exhausted his available state court remedies. Dkt. 12. Respondent maintains that the
16 petition should be dismissed without prejudice for failure to exhaust state remedies. Dkt. 12. In
17 the alternative, respondent argues the petition should be dismissed on the merits. Dkt. 12.
18 Respondent does not address whether federal intervention with petitioner's pending state
19 criminal proceedings would be inappropriate under the *Younger* abstention doctrine. *See Younger*
20 *v. Harris*, 401 U.S. 37 (1971). And the Court sees no reason to make a determination on the
21 *Younger* abstention issue at this time, since the matter can be resolved without reaching that
22 issue. On July 24 and 29, 2019, Petitioner filed a traverse and supplemental traverse,
23 respectively. Dkts. 14, 15.

24

1  The Court notes that on August 13, 2019, petitioner filed a notice stating that he had not
2  yet received a paper copy of the state court record filed by respondent. Dkt. 16. *See also* Dkt. 13
3  (state court record). However, on August 19, 2019, petitioner filed a response and motion to
4  compel wherein he acknowledges he did receive a paper copy of the state court record. Dkt. 17.

5  **DISCUSSION**

6  **I.      Exhaustion**

7  "[A] state prisoner must normally exhaust available state judicial remedies before a federal
8  court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971).
9  Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a
10 meaningful opportunity to consider allegations of legal error without interference from the federal
11 judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state
12 courts one full opportunity to resolve any constitutional issues by invoking one complete round of
13 the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

14 Here, petitioner challenges his 2019 judgment and sentence, which is still pending in his
15 direct appeal in state court.  Dkt. 13, Exhibit 2. Because petitioner's direct appeal is still pending,
16 the state courts have not had a full opportunity to resolve any constitutional issues. Moreover, , the
17 time for filing a state court collateral challenge has not expired. *See* RCW § 10.73.090. The
18 Court also notes that the state court may resolve petitioner's direct appeal in his favor, which could
19 moot this petition. Therefore, the Court finds that petitioner's claims should be dismissed without
20 prejudice because he has not exhausted the state court remedies.

21 In the traverse, petitioner contends that the federal court has original jurisdiction and
22 thus, exhaustion is not "appropriate." Dkts. 14, 15.  The Court may consider an unexhausted
23 federal habeas petition if it appears "there is an absence of available State corrective process . . . or

24

1 | circumstances exist which render such process ineffective to protect the rights of the applicant." 28

2 | U.S.C. 2254(b)(1)(B). However, petitioner has not shown that there is an absence of available state

3 | corrective processes or that circumstances exist rendering any state process ineffective.

4 |     Because the state courts have not yet had a full and fair opportunity to consider the merits

5 | of petitioner's claims, the claims are unexhausted and therefore ineligible for federal habeas

6 | review. *See Schwartzmiller v. Gardner*, 752 F.2d 1341, 1349 (9th Cir. 1984) ("The exhaustion of

7 | state remedies doctrine limits the issues a habeas corpus petitioner may raise in federal court to the

8 | 'same claims' that are 'fairly' presented to the highest state court."). Accordingly, the undersigned

9 | recommends that the petition be dismissed without prejudice. *See Watson v. Lampert*, 27 Fed.

10 | Appx. 824 (9th Cir. 2001) (affirming the district court's decision to dismiss the petition without

11 | prejudice for failure to exhaust when the petitioner's direct appeal was pending at the time he

12 | filed his § 2254 petition).

13 |     Based on the foregoing, the Court declines to address respondent's alternative argument

14 | that the petition should be dismissed on the merits. *See* Dkt. 12.

### EVIDENTIARY HEARING

16 |     The decision to hold an evidentiary hearing is committed to the Court's discretion.

17 | *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a

18 | hearing could enable an applicant to prove the petition's factual allegations, which, if true, would

19 | entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is

20 | available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the

21 | state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not

22 | entitle petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the

23 | record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district

1  court is not required to hold an evidentiary hearing." *Id*. The Court finds it is not necessary to
2  hold an evidentiary hearing in this case because, as discussed in this report and recommendation,
3  the petition may be resolved on the existing state court record.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

No jurist of reason could disagree with this Court's evaluation of petitioner's claims or would conclude that the issues presented in the petition should proceed further. Therefore, the Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

## OTHER PENDING MOTIONS

Petitioner also filed a motion to request the Court rule on the petition, Dkt. 9, and a motion to compel, Dkt. 17. Petitioner argues that respondent has failed to provide legal cause for petitioner's arrest and detainment. Dkts. 9, 17. As discussed above, the Court concludes that the petition is unexhausted and recommends that it be dismissed without prejudice. Accordingly, the Court recommends that all pending motions (Dkts. 9, 17) be denied without prejudice as moot.

## CONCLUSION

1 | The Court recommends that the petition be dismissed without prejudice. No evidentiary
2 | hearing is necessary, and a certificate of appealability should be denied. Petitioner's remaining
3 | pending motions (Dkts. 9, 17) should be denied as moot without prejudice. Pursuant to 28 U.S.C.
4 | § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of
5 | this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will
6 | result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28
7 | U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the
8 | clerk is directed to set the matter for consideration on September 20, 2019 as noted in the
9 | caption.

10 | Dated this 29th day of August, 2019.

*[signature]*

J. Richard Creatura
United States Magistrate Judge