UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL SAMUEL HUDSON, JR.,

                Petitioner,

    v.

JEFFREY A. UTTECHT,

                Respondent.

CASE NO. 19-5422 RJB-JRC

ORDER

THIS MATTER comes before the Court on the Petitioner's January 14, 2020 motion. Dkt. 25. The Court has considered the motion and remaining record.

In this 28 U.S.C. § 2254 habeas corpus petition, the Petitioner challenged a state court conviction, by guilty plea, of several counts of rape in the first degree, exploitation of a minor and one count of dealing with depictions of a minor engaged in sexually explicit conduct and the resulting March 18, 2019 sentence. Dkt. 1. His direct appeal is pending in the Washington Court of Appeals Div. II. *Washington v. Hudson,* Washington Court of Appeals Div. II case number 532808.

ORDER - 1

After being granted informa pauperis status ("IFP"), on August 29, 2019, a Report and Recommendation was filed, recommending that this petition be dismissed without prejudice for failing to exhaust state court remedies on any of the claims. Dkt. 19. On October 1, 2019, the Report and Recommendation was adopted, the petition dismissed without prejudice, and a certificate of appealability was denied. Dkt. 21. Petitioner filed a notice of appeal with the Ninth Circuit Court of Appeals on October 15, 2019. Dkt. 23.

On January 14, 2020, he filed the instant motion "requesting copies of each document presented to the court in [this case]." Dkt. 25. He asserts that "[d]ue to facility conditions, Petitioner no longer has access to these items." *Id.*

## DISCUSSION

Once a notice of appeal is filed from a final judgment, the district court is generally divested of jurisdiction. *Laurino v. Syringa General Hosp.*, 279 F.3d 750, 755 (9th Cir. 2002); *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58- 59 (1982). Under Fed. R. Civ. P. 62.1(a), "if a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . deny the motion or. . . state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."

This case is on appeal with the Ninth Circuit Court of Appeals. This Court lacks jurisdiction to consider the Petitioner's motion. It should be stricken. In accord with Rule 62.1(a), if the Court had jurisdiction to consider the motion, it would recommend that motion be denied. The Court does not provide litigants free copies of the documents filed in their cases.

It is **ORDERED** that:

- The Petitioner's motion for copies (Dkt. 25) **IS STRICKEN;** and

ORDER - 2

- In accord with Fed. R. Civ. P. 62.1(a), if the Court had jurisdiction to consider the motion, it would recommend that motion be denied.

The Clerk is directed to send uncertified copies of this Order to Judge Creatura, all counsel of record, and to any party appearing *pro se* at said party's last known address.

Dated this 3rd day of February, 2020.

ROBERT J. BRYAN
United States District Judge

ORDER - 3